BURLINGTON & COLORADO R. R. CO. v. LIEHE.

1. RAILROAD COMPANY—DUTY TO EMPLOYEES.—The railroad company is bound to use reasonable care, skill and diligence in the selection of machinery for the use of its employees, and to use like care, skill and diligence to keep it in good condition.

2. NEGLIGENCE MUST BE SHOWN TO WARRANT A RECOVERY.—A recovery for an injury received by an employee in the course of his employment is only warranted where the negligence of the defendant is shown.

3. NEGLIGENCE—WAIVER.—A waiver as to such negligence places the case in the same position as though no negligence on the part of the defendant had been shown.

4. WHERE DEFECTS IN THE MACHINERY ARE KNOWN TO THE SERVANT.—Where the servant has equal knowledge with the master of defects in machinery he cannot recover for an injury resulting therefrom, unless it be shown that he notified the master of the same and was induced to remain by the promise of a remedy.

5. SERVANT—DUTY OF—TO NOTIFY MASTER OF DEFECTS WHEN KNOWN.
—Where a defective rod in a hand-car furnished by the master is alleged to have caused the injury complained of, it is the duty of the servant knowing of such defect to call the master's attention particularly thereto.

### ON REHEARING.

6. INSTRUCTIONS MUST BE APPLICABLE TO THE FACTS.—Instructions must be applicable to the cause on trial. Although an instruction correctly states the law, if it is not applicable to the facts in the cause ·in which it is given, the judgment will be reversed when it is probable the jury were misled thereby.

### *Appeal from District Court of Arapahoe County.*

APPELLEE, William Liehe, as plaintiff below in his complaint alleges the incorporation of the defendant, the Burlington & Colorado railroad company, the appellant here, and states : That the plaintiff was in the employ of defendant as a common laborer upon the road-bed and track of defendant company at the time of the injury complained of.

That in Nov., 1887, in the county of Weld, in this state, while the plaintiff was in the usual course of his employment, the section boss, or foreman, of the defendant company, ordered the plaintiff to place himself upon, and assist in propelling, a certain hand-car having been provided by defendant for the use of plaintiff and other laborers along the line of their work upon said road-bed and track and to transport them to and from their meals and lodging places as occasion might require.

That appellant, in obedience to said order of section boss, placed himself upon said hand-car and assisted in propelling the same by the working of a lever, and thereupon, while said hand-car was being so propelled, without any fault or negligence on plaintiff's part, and by reason of the fault, carelessness and negligence of the defendant, a certain iron rod of said hand-car, which communicated motion from said lever to the wheels of the car, suddenly broke, causing said lever to violently strike plaintiff and throw him from the front of the car.

That plaintiff was thereby injured and his left collar bone broken and fractured, causing him great pain, suffering and expense. Plaintiff further alleges that by reason of said injury he was permanently disabled so that he is much less able to earn a livelihood than he was before the injury complained of. It is also alleged that said rod was nearly worn out and partly broken prior to the injury, all of which the said defendant already knew, prior to and at the time of said injury to plaintiff. Plaintiff claims damages in the sum of $5,000.

The defendant in its answer denies all the material allegations of the complaint, except defendant's incorporation and its employment of plaintiff. It admits the breaking of the lever upon the hand-car, but denies that plaintiff's injury was caused thereby. And as a second defense, it alleges that the plaintiff, without any cause for fright or reasonable excuse for supposing himself to be in peril of life or limb, jumped from said car, striking his shoulder against a crosstie and thereby receiving the injury for which he sues. That no reason to expect damages from the breaking of said rod could have been apprehended by any person of ordinary presence of mind. That had plaintiff retained his presence of mind and remained upon the car, he not only could not have received said injury, but he could not possibly have received an injury of any kind whatever by reason of the breaking of the same.

The trial below resulted in a verdict and judgment for the plaintiff for the sum of $2,000. The defendant duly reserved its exceptions and brings the cause here for review.

Messrs. WOLCOTT & VAILE, for appellant.

Messrs. RITTENHOUSE & TALBOT, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The plaintiff in this case was engaged in the performance of ordinary labor upon defendant's track and road-bed; labor

in which no machinery or tools were used requiring particular skill or care. The hand-car, the breaking of the rod of which it is alleged caused the injury complained of, was used for the purpose of transporting appellee and other workmen along the track. No special skill was required in the use of this hand-car. At the time of receiving the injury complained of, appellee had quit work and with others was returning to the section house for dinner. He had been in the employment of defendant's company for a period of twenty months previous to this accident, using this hand-car daily during all of this period.

The right of plaintiff to recover in this case is based upon the duty of the railroad company to use reasonable care for the safety of its employees and to use like care in the selection of proper and adequate machinery for the proposed work and keeping it in repair; and the defendant's alleged negligence in this particular, resulting, as it is claimed, in the injury complained of.

The master is not bound to provide and keep, for the use of his employees, machinery which is absolutely safe. The law imposes on him the duty, only, of exercising reasonable care and caution in furnishing and repairing such machinery. The rule is that when a person engages in the service of another, he undertakes as between himself and his employer, to assume all the ordinary danger and liability of the business upon which he is about to enter, and no more, and if, without fault on his part, he is injured as the result of the negligence of the master, the latter must answer in damages.

There are some exceptions to the rule stated. As, for instance, where the servant has equal knowledge with the master of the defects existing in the machinery the servant will be deemed to have waived his right of action for damages arising from injuries resulting from such defects. In considering the rules above stated, due regard must, of course, be had to the limited knowledge of the employee as to the machinery which he is called upon to use, and the fact that he has a right, to a certain extent, to rely upon the

superior knowledge of his employer.   The rule in this regard, however, is not different in reference to a railroad company from that which governs the relations of master and servant in other instances.   Its application must often depend upon the kind of machinery used, whether intricate or simple in construction.   For instance, a gardener could not be held guilty of actionable negligence in furnishing a defective hoe or shovel to his employee.   It does not rest with the servant in such cases to say that the knowledge of the master is superior to his own knowledge, because the knowledge of such implements may well be supposed to be the same to both.   A hand-car is a simple piece of machinery, and we must assume that plaintiff, who had been using it for a period of twenty months prior to the accident, was as familiar with its condition as the foreman upon the section could have been.   In fact, the plaintiff, while upon the witness stand, admitted that, for at least two months prior to the time of the accident, he knew of the defective condition of the rod, how much longer he may have been in the possession of this information does not appear.   For two months, at least, he had been using this car with full knowledge of its condition. Under these circumstances the law conclusively assumes that he waived his right to hold the company responsible and took the risk upon himself, unless it be shown that he protested against the same and was induced to remain in the employment of the defendant by a promise of a remedy.   A recovery is only warranted when the negligence of the defendant appears.   A waiver as to such negligence places the case in the same position as though no negligence on the part of defendant had been shown.   If, however, the master promised to remedy the defect, then the servant, if induced to remain by such promise, can recover while the promise is running, if he remains with a reasonable expectation that the repairs will be made.   *Colo. Cent. R. R. Co. v. Ogden*, 3 Colo. 499; *Wells v. Coe*, 9 Colo. 159; Beach on Contributory Neg. § 8; 2 Thompson on Neg., p. 1148; *L. & R. R. R. Co. v. Orr*, 84 Ind. 50.   In the case at bar it is claimed that

notice of the defect in the hand-car was brought home to the section foreman in charge and that he promised to remedy the same. But the plaintiff's testimony upon the point is so confused and conflicting that it is quite out of the question to determine therefrom whether he desired to be understood as saying that the defect in the rod was called to the attention of the section boss, or, merely, that the car was in bad shape. Upon cross-examination he admitted that he had said nothing about the defect in the rod. " Q. Did you tell him what part of it—what part of the car did you say was in bad shape ? A. I told him that the hand-car is in bad shape, that is all I told him."

The section foreman not only denies making any promise whatever, but swears positively that he knew nothing about any defect until after the accident. Conceding that it was the province of the jury to determine upon this conflict and that the conclusion was in favor of plaintiff, still we think the testimony was not of such a character as to bring home to the appellant knowledge of the particular defect discovered by appellee. Telling the foreman that the car was in bad shape was not sufficient. He should have pointed out with more particularity the defect which caused him to believe the car unsafe. Beach on Contrib. Neg. 372, and cases cited ; *Crutchfield v. R. & D. R. R. Co.*, 76 N. C. 320.

The plaintiff while upon the witness stand testified that he was ordered upon the car to go to dinner. Upon this testimony appellee seeks to hold the company for having ordered him into a position of extra hazard and the court instructed the jury accordingly. We think this is extending the rule too far. As we have shown, the appellee admits having used this car for at least three months with knowledge of its defective condition. He was in the habit of riding upon it several times each work day, and had ridden out upon it the morning of the accident. Certainly under these circumstances the obligations of the parties were not changed by the section foreman calling attention to the fact that it was time for dinner or by telling the men to get on the car

and go to dinner.   Other errors are assigned, but as they re-
late to matters  that are not likely to occur upon a retrial of
the cause, they will not be further considered.   By the evi-
dence the issues made by the pleadings were somewhat broad-
ened.   But as no objection was made  below to the evidence
the variance will not be further considered here.   The judg-
ment will  be reversed and  the cause remanded  for a new
trial, the  parties  to be allowed  to  amend pleadings as they
may be advised.

*Reversed.*

Mr. Justice Elliot having presided at the trial below
did not sit upon this appeal.

Per Curiam.   By the  petition for rehearing filed in this
case the correctness of  the legal propositions announced in
the original opinion is conceded.   It is claimed, however,
that an application of  these principles to the facts of this
case does not warrant a reversal of the judgment of the court
below.

The record before us shows  that at the trial much stress
was put by counsel upon the fact that Liehe was ordered to
go upon the car.   It is said in  the former opinion of this
court that " Upon  this testimony it is sought to hold the
company for having ordered  appellant into a position of ex-
tra hazard, and the court instructed  the jury accordingly."
We  did not  deem it necessary to more  specifically refer to
the instructions upon this point at that time.   But as coun-
sel seem to be under the impression that the instructions do
not warrant the conclusion  then reached we will call atten-
tion to the sixth instruction given by the court and excepted
to at the time  by appellant.   This instruction reads as fol-
lows:

" The law extends some  indulgence to an ordinary labor-
ing man in the matter of obeying directions of those under
whose employment he is, and  entitles him to place some re-
liance upon the supposed better judgment of his employer,

or upon that person who stands as the representative of his employer, and upon the assurance given by his master or immediate superior under whose direction he may be engaged, so that if by obeying such person, he does not act so rashly as that no prudent man would so act, the law will not under ordinary circumstances impute negligence to him for obeying his superior, even although it is to some extent unwise and unsafe to do so. In other words the law will excuse him or justify him, in incurring some risks in obedience to his proper superior, but it will not excuse him for running right in the face of apparent and well known danger."

This instruction should not have been given. The principle of law announced is inapplicable to the facts of this case and it is quite probable the jury were misled thereby. As stated in the opinion heretofore filed the circumstances show that Liehe was not justified in predicating anything upon the remark of the foreman. Liehe, in going upon the car, did only that which he had been in the habit of doing daily for months before. It is apparent that his action at the time was in no way influenced by anything said to him at the time by the foreman.

Appellee, therefore, is not in a position to claim any indulgence upon the ground that he was ordered into a position of extra hazard at the command of his master. The giving of the above instruction was error, for which the judgment must be reversed.

It is contended that the evidence in reference to the knowledge of the section-foreman of the alleged defect in the handcar was sufficient to go to the jury. The claim being that Liehe was excused from pointing out the particular defect in the car to the section-foreman, for the reason that he, Liehe, had testified that the section-foreman knew of the defect. It may be conceded that there is some testimony in the record which would bear out this contention of counsel, although the entire evidence of the witness leaves this point involved in much obscurity. As the judgment must be reversed for error in the instructions, to enter into a more ex-

tended discussion of the effect of such evidence would be a work of supererogation.

The petition for a rehearing is denied.