[No. 1693.]

BECK v. TRIMBLE ET AL.

1. PRACTICE—INSTRUCTIONS.
It is improper to give an instruction announcing a naked legal proposition, however correct it may be, unless it bears upon the issues involved and unless there has been received some evidence to which the jury may apply it.

2. APPELLATE PRACTICE—ABSTRACT OF RECORD.
An appellate court will not examine the bill of exceptions to determine whether the evidence was such as to make an instruction asked by

plaintiff and refused by the court applicable. If parties assign errors on any question which necessitates an examination of the evidence, they must put into the abstract the evidence necessary to be examined to determine the question.

3. APPELLATE PRACTICE—PRESUMPTIONS.

On appeal the presumption is always in favor of the regularity of the proceedings in a court of record, and that the verdict and judgment were correct and based upon proper evidence, until the contrary is shown.

4. INSTRUCTIONS.

It is not error to refuse an instruction asked where the instructions given substantially state the rule laid down in the instruction asked.

5. PRACTICE—EVIDENCE—FRAUDULENT CONVEYANCE.

Where a husband gave his note in settlement of a book account, and afterwards the wife gave her note for the husband's, in an action against the husband and wife on the original book account where the only issues were whether or not the note of the husband was given in payment of the book account and whether or not the wife's note was given as collateral security, evidence as to fraudulent conveyance of property between the husband and wife was not admissible.

6. EVIDENCE—IMPEACHING WITNESS—IMMATERIAL TESTIMONY.

A witness may not be impeached by showing that he testified falsely, where the testimony claimed to be false was immaterial to the issue, although the immaterial testimony was admitted in evidence without objection.

*Appeal from the District Court of Garfield County.*

C. W. DARROW, for appellant.

JOHN T. SHUMATE, for appellees.

WILSON, J.

This is an action in debt, recovery being sought upon an overdue book account. Plaintiff Beck and defendant W. H. Trimble had an accounting, and upon settlement the indebtedness of Trimble to Beck was adjusted at $600, and for this the former executed his promissory note to the latter, payable one year from date. After the maturity of this note, it being unpaid, Mrs. Eva Trimble—the other defendant, and

wife of the payor in the note—executed and delivered to Beck her promissory note for $692, being the amount of the principal in the former note, with accrued interest added, and thereupon Beck delivered to her the note of her husband. This note remaining unpaid after maturity, Beck commenced this suit to recover upon the original book account, alleging among other things that the note of Mrs. Trimble was executed as collateral security for the original indebtedness of Trimble upon the book account, and further averring that it was at all times understood between the plaintiff and Mrs. Trimble that the note executed by her would also be signed by her husband, but that he had failed and refused to do so. Trimble filed a separate answer, in which he specifically denied all the allegations of the complaint, except the original accounting and indebtedness, and alleging that he executed his promissory note for the amount of his indebtedness, in full and complete payment and satisfaction of said indebtedness; that it was so received by the plaintiff, and that it was so expressly understood and agreed by and between him and the plaintiff. Mrs. Trimble also filed a separate answer, in which she denied that she had executed and delivered to plaintiff her promissory note as collateral security for the indebtedness of her husband to him, but on the contrary averred that she purchased the note from plaintiff, the consideration being the execution and delivery of her note, and that the note of her husband was delivered to her by plaintiff under this express agreement and understanding and none other. Trial was to a jury; verdict and judgment were in behalf of defendants, and from this plaintiff appeals.

Plaintiff assigns error upon the refusal of the court to instruct the jury, upon his request, that, "as matter of law, the presumption that the note of the debtor or of a third person, given for an antecedent debt, is not payment of the same, is so strong that though a receipt in full be given at the same time that such note is accepted by a creditor, the same is construed to be upon the condition that the note shall be paid at maturity." As an abstract proposition of

law, this request stated a correct rule as laid down by the supreme court of this state.     *Bank v. Newton*, 10 Colo. 172.

It is improper to give an instruction announcing a naked legal proposition, however correct it may be, unless it bears upon, and is connected with, the issues involved, and unless further there has been received some competent evidence to which the jury may apply it.     It tends to distract the minds of the jury from the real question submitted to them for determination, and thereby mislead them.

This is a familiar doctrine which has been repeatedly affirmed by both of the appellate courts in this jurisdiction. *Burlington, etc., Co. v. Liche,* 17 Colo. 280; *De Votie v. Mc Gerr,* 15 Colo. 467; *D. & R. G. R. R. Co. v. Robinson,* 6 Colo. App. ‧ 432; *Innis v. Carpenter,* 4 Colo. App. 30.

Whether then, it was error to have denied this request depends upon the evidence in the case.     If there was no testimony to which it might be applicable, it was not error to deny it.     In order to determine the question, therefore, it would be necessary to review the evidence, and none of it is presented in the abstract.     In such case, it is not to be expected that appellate courts will go to the bill of exceptions for the purpose of such examination, certainly not in the interest of an appellant.     If parties assign errors on any question which necessitates an examination of the evidence, it is their duty to put in the abstract the evidence, or so much of it as may be required, in order to permit of its determination by the court.     The presumption is always in favor of the regularity of the proceedings in a court of record, and the further presumption lies that the verdict and judgment were correct and based upon proper evidence, until the contrary is shown.     It must therefore be presumed that the refusal of the court to give the instruction asked was not error, because of the reason that there was no testimony in the case to which it was applicable.     There is even more than a bare presumption in this case that the action of the court was correct, because the issue, as presented by the pleadings, was, whether there was an express agreement and contract that the note of Trimble was given and received as

satisfaction and payment of the debt. There was no question in the case upon the pleadings as to presumption of payment. Moreover, an inspection of the abstract shows that the first instruction which the court did give substantially stated the rule laid down, although not in the language of the supreme court, which the plaintiff had copied in the instruction which he requested.

Plaintiff also assigns error upon the refusal of the court to permit him to ask certain questions of the defendant Mrs. Trimble, showing, or tending to show, as he claims, that shortly after the giving of her note to plaintiff, she transferred valuable and all her property to her husband; and also its refusal to permit plaintiff to make proof from the records in the recorder's office of the county, that shortly after W. H. Trimble gave his note to plaintiff, he conveyed all of his property to his wife, and that shortly after she gave her note to plaintiff, she transferred all of her property to her husband.

We cannot see wherein this testimony had the slightest relevancy to, or bearing upon, the matters in controversy. The issues, and only issues, were whether under an express agreement Trimble had executed his note in payment and satisfaction of the book account, and also whether the note given by Mrs. Trimble was executed as collateral security for the indebtedness of Trimble, or was given in purchase of Trimble's note. There was not and could not be in the case any question as to the fraudulent conveyence of property by either of the parties.

Counsel contend that in some manner, which we must confess we cannot understand, this testimony, if received, would have tended to impeach the Trimbles. He says that it would have had a tendency to have discredited Trimble because he had testified, without objection, that his wife did not at any time, after the giving of her note, transfer the property to him. If such testimony was given, it was wholly immaterial and irrelevant; and because plaintiff failed to object to it was no reason why the court should permit such a line of interrogation to be pursued when objection was made.

Plaintiff also contends that there is reversible error because the court instructed the jury to the effect, " That an agreement between the maker and payor of a note as to whether it shall be in full payment and settlement of an existing or cotemporaneous debt may be implied as well as expressed." This may not state in apt terms the strict rule as laid down by the supreme court and other authorities, but whether it was correct or incorrect is not necessary to be discussed or determined. Conceding the contention of counsel, even in that event, whether the giving of instruction was prejudicial and reversible error depended upon the evidence. The only issue tendered by the pleadings in this case was, as we have said, whether there was an express agreement and contract that the note should be received in payment and satisfaction of the debt. The presumption must be, the evidence not being presented in the abstract, that the court admitted only such evidence as was pertinent to this issue, and that on such the verdict and judgment were rendered, and this presumption is strongly supported by the facts stated by counsel for plaintiff in his brief, that the only witnesses on behalf of defendants were the defendants themselves ; and from the same source, we gather that the only witness in behalf of plaintiff was the plaintiff himself. If it was error to have instructed that an agreement to receive the note in satisfaction and discharge of the book account might be implied, and if it even be further conceded that there was some evidence to which it was applicable, we must still hold in this case that it was error without prejudice, because the presumption in favor of the regularity of the proceedings of the court, and in favor of the verdict and judgment is conclusive. It must be presumed that there was evidence in favor of the issue tendered, namely, that there was an express agreement to so receive the note, and sufficient to sustain the verdict. Being unable to discover any errors which might have prejudically affected the substantial rights of the parties, the judgment will be affirmed.

*Affirmed.*