[No. 4512.]

WALSH V. JACKSON.

1.  **Instructions—Issue Not in Case.**
    It is error to submit to a jury an issue not in the case.
2.  **Same—Mining Claims—Adverse Suit.**
    In an adverse suit, where the uncontradicted testimony of defendant showed that his claim was located upon unappropriated public domain, and all the testimony offered by plaintiff tending to controvert that issue and to show that the defendant's discovery was made upon a prior, valid, existing location, was stricken out, it was error to refuse to instruct the jury, upon request of defendant, that there was no evidence tending to prove that the discovery was made upon a prior, valid, existing location and that all evidence on that subject should be discarded, and to submit to the jury the issue as to whether or not the location was made upon unappropriated public domain.
3.  **Costs—Stenographer's Notes.**
    Under the statute providing that for transcribing the shorthand notes of a stenographer, he shall be allowed not exceeding 20 cents per folio of 100 words, the compensation of a stenographer is to be determined only from the number of words transcribed, and not from the punctuation marks made by the stenographer in order to make the transcript intelligible.

*Appeal from the District Court of Ouray County:*
*Hon. Theron Stevens, Judge.*

Messrs. THOMAS, BRYANT & LEE and Messrs. STORY & STORY, for appellant.

Mr. JOHN T. BARNETT, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

The subject-matter of controversy in this case is the conflict between the Boxer and Columbine lodes. The Boxer was located July 9, 1900, and the Columbine August 20, following. The owner of the Boxer applied for a patent, which the claimant of the Columbine adversed, and subsequently commenced an action in support thereof. The issues made by the pleadings are the usual ones in adverse cases. The trial resulted in a verdict upon which the court entered a judgment that neither of the parties was entitled to the premises in controversy. The claimant of the Boxer appeals.

It appears from the testimony that the Boxer was located upon a mineral-bearing vein, and that all physical acts necessary to initiate title to the premises so claimed were performed, save and except it is contended, on behalf of the appellee, that the necessary discovery work was not done. Considering the testimony on this subject in the most favorable light for the appellee, the most that can be said is, that it is conflicting. There is certainly testimony on behalf of the appellant tending to prove that it was performed. Whether or not, however, that question is really material in this case, we shall not consider or attempt to determine. The appellee attempted to attack the validity of the Boxer location upon the ground that the location was based upon a discovery made within the boundaries of a prior, valid, existing location known as the St. Paul. The undisputed testimony on behalf of appellant was to the effect that the Boxer was located upon unappropriated public domain. On motion of appellant, all testimony offered on behalf of the appellee tending to controvert this issue, was stricken out. At the conclusion of the trial, counsel for appellant requested

the court to instruct the jury that there was no evidence tending to prove that the Boxer discovery was made on the St. Paul, and that all evidence on that subject should be disregarded. This instruction was refused. Notwithstanding the action of the trial court in striking all testimony which had been given on the subject of the discovery being within the boundaries of the St. Paul, and the fact that the testimony remaining established that it was on ground subject to appropriation, the issue as to whether the location of the Boxer was made upon unappropriated public domain was submitted to the jury. This was clearly erroneous. We have repeatedly held that it is error to submit to the determination of a jury an issue which is not in the case. The error in this instance is emphasized by the refusal to specially direct, on the request of appellant, that all testimony tending to prove that the discovery of the Boxer was within the boundaries of the St. Paul should be disregarded.

During the progress of the trial some testimony was introduced on behalf of the claimant of the Columbine, to the effect that the vein upon which the Boxer was located departed from the side lines of the Boxer before it reached the premises in controversy. The court subsequently, on the motion of counsel for the claimant of the Boxer, struck out this testimony. On the argument of the case, counsel for the claimant of the Columbine, over the objection of counsel for the owner of the Boxer, was permitted to comment upon this testimony, and contend before the jury that the premises in dispute could not be held by the Boxer because the vein departed from the side lines of the latter. Whether or not the ruling of the court was correct, will not be determined at this time, because, without regard to the question of the departure of the vein, it is apparent that the court com-

mitted prejudicial error in giving and refusing the instructions noticed.

The rights of the parties, as dependent upon the strike of the vein upon which the Boxer location is made, can be determined at another trial.

On a motion to retax the costs of the stenographer for transcribing the testimony, the trial court allowed for punctuation marks. The statute provides that for transcribing the shorthand notes of the stenographer he shall be allowed not exceeding twenty cents per folio of one hundred words. The stenographer transcribes what the witness says, as recorded by his shorthand notes. It is so clear that the compensation of the stenographer is to be determined by the number of words transcribed, and not by the number of punctuation marks which he may employ to make the transcript intelligible, that it is not necessary to enter upon a dissertation on the subject. The trial court was in error in allowing the stenographer for punctuation marks.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.