[No. 5330.]
[No. 2972 C. A.]

## FAY v. THE CITY OF FORT COLLINS.

1. **Cities and Towns—Ordinances—Judicial Notice—Pleading—Evidence.**

   Courts will not take judicial notice of municipal ordinances, but they must be pleaded and proven.—P. 263.

2. **Practice in Criminal Cases—Instructions Not Predicated on Evidence—Reversible Error.**

   Where, on a trial for the violation of a city ordinance forbidding the keeping of a disorderly house, no evidence was introduced, nor any attempt made to prove, that the defendant was guilty of violating another city ordinance prohibiting the selling or giving away of intoxicating liquors, the giving of an instruction embodying the latter ordinance constitutes reversible error.—P. 263.

*Appeal from the County Court of Larimer County. Hon. J. Mack Mills, Judge.*

Charles Fay was convicted of willfully and unlawfully keeping and maintaining a disorderly house in violation of an ordinance of the city of Ft. Collins, and he appeals.        *Reversed.*

Messrs. GARBUTT & GARBUTT, Mr. FRED W. STOW, and Mr. FRANK J. ANNIS, for appellant.

Mr. CORNELIUS FERRIS, Jr., for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Upon an appeal from a judgment rendered by a police magistrate's court to the county court, in a trial before a jury, appellant was convicted and fined for the violation of a city ordinance of the city of Fort Collins.

The complaint alleged that appellant did willfully and unlawfully keep and maintain a certain disorderly house contrary to the provisions of sec-

tions 1 and 2 of ordinance No. 17, 1889, entitled: "Relating to disorderly houses," etc.

The court instructed the jury that "it is in violation of the ordinance of the city of Fort Collins for any person or persons, either directly or indirectly, to sell or give away intoxicating malt, vinous, mixed, fermented or spirituous liquors within the corporate limits of the city of Fort Collins, or within one mile of the outer boundaries thereof."

The ordinance upon which the foregoing instruction seems to have been based was not introduced in evidence. It has been held by this court that courts will not take judicial notice of municipal ordinances; that they must be pleaded and proven.—*Greeley v. Hamman,* 12 Colo. 96; *Weiss-Chapman Drug Co. v. People,* 39 Colo. 374.

There is not a word of evidence in the record to the effect, nor was there any attempt made to prove, that appellant had been guilty of a violation of the ordinance embodied in the above instruction, or that any one else had violated the ordinance set forth in the instruction, in the house or place maintained by defendant.

It has been repeatedly held by the appellate courts of this state that it is error to give an instruction, however correct it may be as an abstract proposition of law, unless it bears upon and is connected with the issue in the case and is predicated upon competent evidence submitted to the jury, to which evidence the jury may apply it. Such instructions tend to mislead the minds of the jury from the issue involved.—*Burlington, etc., Co. v. Liehe,* 17 Colo. 280; *Robinson v. D. & R. G. Co.,* 24 Colo. 98; *Walsh v. Jackson,* 33 Colo. 454; *Fisk v. Greeley Electric Light Co.,* 3 Colo. App. 319; *Beck v. Trimble,* 14 Colo. App. 195.

The court committed prejudicial error in giving the instruction quoted, for which error the judgment will be reversed.           *Reversed.*

Chief Justice Steele and Mr. Justice Caswell concurring.