[No. 5528.]
[No. 3202 C. A.]

REYNOLDS V. HART.

1. **Appellate Practice—Verdict—Based on Conflicting Evidence.**
The rule that a verdict based on conflicting evidence will not be disturbed on appeal, does not apply where the case is not submitted under proper instructions, nor where an issue has been submitted to the jury which is not in the case.—P. 153.

2. **Practice in Civil Actions—Instructions—Not Applicable to Issues.**

An instruction which submits to the jury a question not in the case, is erroneous.—P. 154.

3. **Contracts—Default—Rescission—Waiver.**

A party who has the right to rescind a contract because of the default of another to such contract, must at least act with a reasonable degree of promptness after knowing of such default, or he waives his right to rescind for such cause.—P. 154.

4. **Master and Servant — Contract of Employment — Abandonment—Rescission—Waiver.**

Where defendant permitted plaintiff to resume work under a contract of employment after he had been absent for an unreasonable time, and failed to notify plaintiff that he elected to terminate the contract because of such default, and failed to accept plaintiff's offer to permit defendant to obtain another to finish the work, he thereby waives his right to rescind the contract or take advantage thereof.—P. 155.

5. **Same—Practice in Civil Actions—Master and Servant—Contracts of Employment—Instructions—Omission of Material Facts.**

In an action for breach of a contract of employment, it was contended that there was a question for the jury as to whether plaintiff had abandoned the contract by his absence from the work for an unreasonable time, and whether he had relieved defendant by notifying him that he was at liberty to employ some one else; but there was evidence that defendant had waived his right to insist on abandonment and had not accepted plaintiff's offer to rescind the contract. Held, that instructions on the first proposition, omitting the question of waiver and, as to the second, the question whether defendant had accepted plaintiff's offer to release him from the contract, were erroneous, under the rule that, when the court instructs on what state of facts a verdict must be returned against a party, the instructions must include all the facts material to the right of such party.—P. 155.

6. **Same—Request to Charge.**

Where, in an action for breach of a contract of employment, there was a dispute as to whether the contract was for work by the shift only, or for a definite amount of work, an instruction on the question of abandonment of the work, which failed to require the jury to find that the contract was for a definite amount of work in order to find for plaintiff, was properly refused.—P. 155.

*Appeal from the County Court of El Paso County.*
*Hon. James A. Orr, Judge.*

Action by J. A. R. Reynolds against Frank Hart.
From a judgment for defendant, plaintiff appeals.
*Reversed and remanded.*

Mr. FRANK J. BAKER, for appellant.

Mr. GEORGE GARDNER, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of
the court:

Appellant, plaintiff below, brought suit before
a justice of the peace to recover from appellee, as
defendant, damages which he claimed to have sus-
tained in not being permitted to complete a contract
which he claims to have entered into with the defend-
ant. The case was appealed to the county court, and
there tried before a jury. A verdict was rendered
for the defendant, from which the plaintiff appeals.
There being no written pleadings, the issues between
the parties must be determined from the testimony.

Plaintiff testified that he was employed by the
defendant to do thirty feet of assessment work on
mining claims, for which he was to receive two dol-
lars and a half per shift. He worked seventeen
shifts, and was then, as he claims, discharged with-
out cause. He was paid for the work performed.

Defendant testified that the contract with plain-
tiff was for no definite amount of work, but by the
day or shift only; that the mines upon which the
work was to be performed were situated at, or above,
timber-line, and that it was necessary to perform the
work on these claims before snow-fall; that the con-
tract between the parties was entered into some time
in the month of September; that plaintiff quit the job
and stayed away for nine or ten days; and that plain-

tiff voluntarily relieved him from the contract by writing him a letter to the effect that he might consider himself at liberty to hire someone else to do the work which he had engaged to perform.

It further appears from the testimony, which is undisputed, that plaintiff did cease work for about nine days; that he notified defendant that his cessation of work was caused by the illness of his wife; that he would resume work by a certain date if he was not notified to the contrary; that he did go to the property where the work was to be performed on that date, and on his way up, met the defendant and notified him that he was going to work; that the defendant made no objection to his resuming work; that he did work two days, and was then discharged.

It is evident that there were two issues which the parties sought to litigate: (1) Whether the contract was for a definite amount of work at so much per shift, or whether it was by the shift only; and (2) an abandonment of the contract, by plaintiff, either by ceasing work for such a length of time that defendant was justified in discharging him, or that plaintiff voluntarily released him from the contract.

The case having been submitted to a jury and a verdict rendered in favor of the defendant, his counsel here invoke the rule that a verdict based on conflicting testimony will not be disturbed on review. There are two reasons why this rule is not applicable to the present case: (1) It does not apply if the case is not submitted under proper instructions; and (2) when an issue has been submitted to the jury which is not in the case.

Instructions given submitted the case to the jury upon the theory that a verdict should be returned for the defendant if it appeared from the testimony that plaintiff ceased work under his contract for an unreasonable length of time; or, if plaintiff, while

absent from work, informed the defendant that he might not return, and defendant was at liberty to employ another to take his place.

From the testimony it is clear there was no issue of abandonment of the contract by plaintiff, either by ceasing work for an unreasonable length of time or notifying defendant that he was at liberty to employ someone to take his place. An instruction which submits to the jury a question not in the case, is erroneous.—*Walsh v. Jackson,* 33 Colo. 454; *Big Hatchet Con. M. Co. v. Colvin,* 19 Colo. App. 405.

Assuming that in view of the season of the year, the character of the work to be performed, and the location of the properties upon which the work was to be done, the defendant would be authorized to treat the contract as abandoned on the part of the plaintiff in the event he ceased work for an unreasonable length of time, and that plaintiff's ceasing to work for nine or ten days was an unreasonable length of time, it appears that defendant failed to take advantage of his rights in this respect. He admits that he was notified by plaintiff that he would go up to work on a certain day, unless he was notified to the contrary; that plaintiff did go that day, and on his way up met him; that he knew plaintiff was going to resume work, but he did not notify him that he had elected to consider the contract terminated. It further appears that plaintiff did actually resume work for two days. A party who has the right to rescind a contract because of the default of another to such contract, must at least act with a reasonable degree of promptness after knowledge of such default; otherwise, he waives his right to rescind because of such default.—*Auld v. Travis,* 5 Colo. App. 535; *Tilley v. Montelius Piano Co.,* 15 Colo. App. 204; 7 Current Law, 821; *Dunn v. Steubing,* 120 N. Y. 232.

So that the failure of the defendant to inform

plaintiff that he had elected to terminate the contract because of his default, and permitting him to resume work without objection thereafter, was clearly a waiver of his right to take any advantage of plaintiff's default, if he had that right.

The same rule applies to the instruction on the subject of plaintiff having offered to release defendant from his contract. He did not accept the offer, allowed plaintiff to resume work without objection, and, neither by act nor deed, indicated that he intended to avail himself of the privilege extended by plaintiff.

Outside of the question of damages we think there was but one issue between the parties—*i. e.,* the terms of the contract. If, however, it could be successfully contended that there was such a conflict in the testimony on the question of abandonment or the release of defendant by plaintiff as to justify the submission of these questions to the jury, then the instructions were erroneous; because they omitted, as to the first proposition, the question of whether or not the defendant had waived his right to insist on an abandonment, and, as to the second, whether he had accepted the offer of plaintiff to release him from his contract. When a court instructs a jury upon what state of facts a verdict must be returned against a party, the instruction must include all the facts material to the right of such party.—*Gallegher v. Williamson,* 23 Cal. 332; *Deasey v. Thurman,* 1 Idaho 775; *Holmes v. State,* 23 Ala. 17.

Plaintiff requested an instruction, which was refused, to the effect that if he went to work with the consent of defendant, and worked two days after the alleged abandonment of his contract, before he was discharged, that the defendant waived his right of pleading plaintiff's abandonment, and a verdict should be returned in favor of the plaintiff. This

instruction was rightly refused, because if there was any issue of abandonment in the case to be submitted to the jury, the instruction requested did not state all facts necessary for the jury to consider in connection with that question, in that both parties' rights further depended upon whether the contract was by the shift only, or for a definite amount of work.

There is another question in the case—not mentioned, however, by counsel for defendant—and that is, whether there is any testimony to establish that plaintiff really suffered any damages; but as it is not discussed, we express no opinion upon it. We mention it, however, so that it will not be assumed, in case of a re-trial, that this court held that the testimony in the present record established damages in favor of plaintiff, in case he established the contract as contended by him.

The judgment of the county court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.