Cunningham, Judge.
The plaintiff, a lad eight years of age, was, at the time of the injury complained of, riding on the handle bars of a bicycle propelled by a boy eleven years of age. While thus riding, he came in collision with an automobile which was being driven by the defendant. Complaint is made by appellant of instructions five and six. These instructions read as follows:
■ Instruction No. 5. “The court instructs the jury that in this case the defendant was bound to exercise ordinary care and prudence in the driving *443 and management of his automobile in attempting to pass plaintiff in the public highway at the point where the accident occurred, and if you believe from the evidence in this case that just before the accident occurred defendant saw the plaintiff approaching on a bicycle, and there was sufficient time before the accident, and sufficient space intervening between plaintiff and himself to have permitted of defendant applying the brakes on the automobile and lessening its speed sufficient to avoid the accident, then it was negligence on the part of the defendant if he did not do-so.”
Instruction No. 6. “The court instructs the jury that if you believe from the evidence in this ease that the injury to plaintiff set forth in the complaint in this action was caused by defendant, and that prior to such injury defendant had sufficient time, after first seeing plaintiff approach on his bicycle, to have applied the brakes to his automobile and have stopped the same or brought it to such a slow speed as to avoid the accident, hut instead of doing so made no effort to slow down the automobile, but on the contrary maintained the same speed when he first saw the plaintiff until after the injury occurred, then you may find that defendant was neg-. ligent in not so doing and that such negligence caused the injury complained of to the plaintiff.”
It will be seen by an examination of each of these instructions that the court advised the jury that if the evidence disclosed that before the accident defendant saw the plaintiff approaching on a bicycle, and there was sufficient time bofore the accident, and sufficient space intervening between plaintiff and defendant to have permitted of defendant’s *444 applying the brakes on the automobile and thus have avoided the accident, then it was negligence on the part of the defendant if he did not so apply the brakes and stop the machine. In other words, the defendant, by this instruction, is" held to the exercise of the highest possible degree of care, and if he did not exercise the highest degree of care possible, then he is made liable as a matter of law. The defendant was only liable if he failed to use reasonable care to prevent the accident, and what is reasonable care is always, under circumstances like those involved in this ease, a matter for the determination of the jury.
Again: these instructions, as we view them, are fatally defective from yet another point of view. They advise the jury, in effect, that if the defendant could have stopped or checked his machine at any time after first seeing the approach of the plaintiff on his bicycle, then he was guilty of negligence per se if he, the defendant, failed to stop the machine. If defendant’s testimony be accepted, he did not and could not see the boys on the wheel in time to have stopped his machine, and he did everything possible to prevent the accident after the boys, as he said, rode out from behind the wagon immediately in front of his machine. Therefore, under all the circumstances, the instructions would be prejudicial, since they applied to a situation not supported by the evidence. If the testimony offered by plaintiff, especially that of the driver of the sand wagon, be accepted, then the defendant did see, or could readily have seen, the boys approaching on their wheel for some time before the accident, and before they were in any peril whatever. These instructions, *445 especially No. 6, advise the jury that it was the duty of the defendant to stop as soon as he had seen the boys approaching on the wheel, wholly regardless of whether they were or were not, at the time he first saw them, in a perilous position. In Barker v. Savage, 45 N. Y., 191; 6 Am. Rep., 66, it is said:
“It does not appear that after such contact was inevitable the defendant, in the exercise of due care, could have done anything then omitted by him, to prevent the contact.”
The statement of the evidence most favorable to the plaintiff, and justified by the record, is that whether defendant could have done anything which he omitted to do to prevent the contact after the same was inevitable, is a matter in sharp dispute. Therefore, the instructions on this point ought to have been so framed as to have fairly submitted this disputed question of fact to the jury. It was not incumbent on defendant to do anything until after it was apparent that a contact was inevitable, or at least highly probable. It was not his duty to stop when he first saw the boys on the wheel, unless at that time it was apparent that they were in a position of peril, and then defendant’s failure to stop or check his machine was not per se negligence. He would have the right to assume, until their perilous position became manifest to him, that the wheel they were riding would be turned to their right or the west side of the street, as he was turning to his right or the east side of the street; or, if because of the immature age of the boys, the defendant would have no right to indulge in such presumption, then it was for the jury to determine whether, under all the circumstances, the defendant should be held to *446 a knowledge of tlie immature age of the boys and their lack of responsibility, and it was for the jury to say, under instructions properly framed, when, if at all, it became the duty of the defendant to make reasonable effort to stop or check his machine. In other words:
“When a court instructs a jury upon what state of facts a verdict must be rendered against the parties, the instruction must' include all the facts material to the rights of all such parties.”
Reynolds v. Hart, 42 Colo., 155, and cases there cited. We think the two instructions in this ease wholly fail to square with this rule, and the case, for that reason, must be reversed.
There are other alleged errors discussed in the brief, and on oral argument, which we have not deemed it necessary to pass upon, and as to them, we express no opinion, believing that on a second trial these doubtful questions will be eliminated.

Reversed and Remanded.

Hubbbut, Judge, having been of counsel for the plaintiff in the case below, did not participate in the opinion.