No. 21622.

WALTER LARSON AND DOROTHY LARSON *v*. LEADVILLE UTILITIES COMPANY, A COLORADO CORPORATION.
(428 P. 2d 711)

Decided June 12, 1967.

Clarence W. Button, Alice Loveland, for plaintiffs in error.

Mosko & Slatkin, for defendant in error.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

Plaintiffs in error, hereinafter referred to by name or as plaintiffs, brought this action against Leadville Utilities Company seeking to recover for personal injuries and resultant damages allegedly sustained by Dorothy Larson when she fell into a trench which had been excavated by the Company. The plaintiffs alleged that her fall into the excavation was,
"* * * caused solely and proximately by the negligence of defendant, as a result of which she suffered injuries to her back, both temporary and permanent, incurred medical expenses, loss of wages * * *"
and other damage, all in the amount of $50,000. Walter Larson, husband of Dorothy, sought damages for loss of consortium and "loss of business income by him caused by his required attendance of plaintiff Dorothy Larson due to her injuries."

The answer of defendant contained a general denial, and affirmative defenses of contributory negligence, negligence of a third person, and unavoidable accident. The jury impaneled to try the issues returned a verdict in favor of the defendant upon which final judgment was entered.

As grounds for reversal of the judgment, plaintiffs urge that the court erred in giving certain instructions to the jury over their objection. One of these instruc-

tions dealt with the subject of "unavoidable accident." Plaintiffs contend that the court gave a definition of this phrase as it was formerly applied to cases in which there was evidence to sustain a finding based upon the meaning of the term. The instant case was tried prior to the announcement of the opinion of this court in *Lewis v. Buckskin Joe's, Inc.*, 156 Colo. 46, 396 P.2d 933, in which the defense of "unavoidable accident" was abolished with relation to all cases tried after announcement of that opinion.

██ The record in the instant case has been studied and the inescapable conclusion is reached that there is no evidence contained therein which justified the giving of an instruction on the subject of "unavoidable accident." Under the now discarded doctrine, the phrase referred to

"* * * such an occurrence, as under all the circumstances, could not have been foreseen, anticipated, or avoided in the exercise of ordinary care, * * *."

*Iacino v. Brown*, 121 Colo. 450, 217 P.2d 266. In the instant case the accident was clearly avoidable. Under the evidence as relied upon by both sides the accident was the clear result of the negligence of the defendant, or of Dorothy Larson, or of both the defendant and the plaintiff. There was nothing "unavoidable" about it.

 In *McBride v. Woods*, 124 Colo. 384, 238 P.2d 183, we find the following pertinent language:

"* * * In *Carr v. Boyd*, 123 Colo. 350, 229 P.2d 659, we clearly indicated that the giving of an instruction on 'unavoidable accident' in a case in which there was no evidence upon which a finding of such an accident could properly be based, is reversible error. 'An instruction which submits to the jury a question not in the case, is erroneous.' *Reynolds v. Hart*, 42 Colo. 150, 94 Pac. 14."

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE PRINGLE not participating.