No. 16,155.

PUEBLO TRANSPORTATION COMPANY ET AL. *v.* MOYLAN ET AL.

(226 P. [2d] 806)

Decided January 15, 1951.

208

Messrs. BURRIS, BUMGARDNER & TANQUARY, for plaintiffs in error.

Mr. CHARLES F. KEEN, Mr. THOMAS F. PHELPS, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

THIS case concerns a pedestrian-taxicab accident which occurred on a residence street in the City of Pueblo. Separate actions were filed by the plaintiffs Ruth Moylan and John Moylan. They were consolidated for trial and in both cases the jury found in favor of plaintiffs. It is here contended as grounds for reversal: (1) that there was no proof of negligence on the part of defend-

ants; (2) that the evidence shows negligence on the part of plaintiffs which was the proximate cause of their injuries; (3) that the court improperly gave an instruction on the doctrine of last clear chance; and (4), that the verdict for John Moylan was excessive.

The pertinent part of the applicable municipal traffic code provides that, "A pedestrian crossing such street or roadway at any point other than within a marked or unmarked crosswalk shall yield the right of way to vehicles upon the street or roadway, provided, however, that this provision shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of pedestrians."

(1) As to the negligence of defendants. Jones was an employee of the corporate defendant and engaged in its business. The accident occurred about eleven o'clock at night when there was very little traffic; the weather was clear, the pavement dry, and the fifty-foot street well lighted, particularly on the course followed by plaintiffs, who were crossing from the east to the west side of the street, approximately midway between the street intersections, angling somewhat toward the south, at a moderate rate of speed, and were within five or six feet of completing the crossing when they were struck by the taxicab driven by defendant Jones.

Jones had entered the street by a left-hand turn at the first intersection to the north about 180 feet distant. He had come up an eight per cent grade and his car left skid marks thirty-three feet in a straight line down the pavement. There was a street light within a few feet of the place of the accident, and two of defendants' witnesses testified that from the porch of the apartment house on the east side of the street where they were sitting, they at all times could see plaintiffs as they crossed the street. Jones testified that at the time of the accident, he was travelling between fifteen and twenty-five miles per hour, and there was nothing to obstruct the view between the parties at any time. Jones

further testified that plaintiffs ran in front of his car just as he passed a double-parked car facing him, with lights burning, and "there wasn't too much of the street left there, and I was just trying to get through. There was enough for me to pass safely without either hitting the car or the curb on either side." To the contrary, defendants' own witnesses, who saw the accident, testified that plaintiffs were walking side by side; that they weren't "running, or they weren't just moseying along; they were going at a medium rate of speed." One of those witnesses also testified that the driver of the car which had double-parked with its headlights burning had started his car just as plaintiffs walked out into the street and "that he went on down the street and they proceeded across."

The evidence was ample to justify the jury in disbelieving the testimony of Jones, as to plaintiffs running in front of his car; as to his having very little room to pass between the parked car and the curb without hitting one or the other, and in believing that in fact the double-parked car had been driven on before plaintiffs had traversed the east half of the pavement. If so, the jury might determine that Jones failed to watch for or see pedestrians who were plainly visible and directly in his path, and failed to make the slight turn to his left which would have avoided the accident. Whether, under such circumstances, defendant Jones performed "the duty to exercise due care for the safety of pedestrians," became a question of fact to be determined by the jury.

(2) As to the negligence of plaintiffs, it is contended that they failed to look for approaching cars, and that they failed to yield the right of way as required by the ordinance. John Moylan was walking to the right of Ruth and consequently was principally obligated to watch for approaching traffic. Ruth testified to the effect that she looked to the right when they reached the east curb and again when they were "better than" a third of the way across the street, and John testified as

to looking again before they entered the west lane of traffic, but without seeing any approaching car. "The law does not view a pedestrian as contributorily negligent because he has not looked a certain number of times before crossing a street or highway" (5 Am. Jur. 758, §448) and, "A pedestrian who is lawfully crossing a public thoroughfare need not be constantly looking or listening to ascertain if automobiles are approaching, under the penalty that if he fails to do so and is injured, his failure conclusively charges him with negligence." Id: p. 759, §451. He is required to use such care as a reasonably prudent person would use in like situation, and what constitutes such care is normally a question of fact for the jury. 5-6 Huddy Automobile Law (9th ed.) 149, §86; Ann. 65 A.L.R. 205.

■ The requirement of the ordinance that the pedestrian yield the right of way to vehicles does not create an absolute, but only a relative, right in favor of the driver. It establishes the rule of precedence when rights might otherwise be balanced. *Ward v. Clark*, 232 N. Y. 195, 133 N.E. 443; *Rhimer v. Davis*, 126 Wash. 470, 218 Pac. 193. In view of the relative speeds at which they were going, the jury might well have determined that at the time plaintiffs entered the west lane of traffic, Jones had not yet turned to enter the street which they were crossing, and to require the yielding of right of way in such a situation would deprive the pedestrian of any right whatever on the street. The test of the negligence of plaintiffs was the rule of reason and again constituted a question of fact to be determined by the jury.

■ (3) We think the instruction on the doctrine of last clear chance was not error. The rule of that principle is grounded in the doctrine of proximate cause. *Independent Lumber Co. v. Leatherwood*, 102 Colo. 460, 79 P. (2d) 1052. The jury, under the circumstances here appearing, might have found that plaintiffs were negligent in entering upon the west traffic lane, but that after they were in that lane and almost across it, and

helpless to extricate themselves, defendant Jones had a clear chance to prevent the injury by stopping or by turning to the left, had he been exercising due care for the safety of pedestrians which the ordinance and the dangerous character of his vehicle required of him. *Wendelin v. Ross,* 99 Colo. 365, 62 P. (2d) 1157; *Lambrecht v. Archibald,* 119 Colo. 356, 203 P. (2d) 897; *Mosso v. E. H. Stanton Co.,* 75 Wash. 220, 134 Pac. 941.

 (4) The verdict in favor of John Moylan for $8,000.00 may appear large, but it was supported by substantial evidence and we are not at liberty to disturb it.

Plaintiffs in error failed to set out in the abstract much of the pertinent evidence supporting this finding, as well as other pertinent evidence, which has made it necessary for us in all matters of evidence to consult the transcript, and we again call attention to the importance of a sufficient abstract in compliance with our rules of procedure.

The judgment is affirmed.

MR. JUSTICE HOLLAND dissents.