No. 16,646.

McBride v. Woods.
(238 P. [2d] 183)

Decided October 15, 1951. Rehearing denied November 13, 1951.

Mr. Alden T. Hill, Mr. Ralph H. Coyte, Mr. Sherman E. Walrod, for plaintiff in error.

Messrs. JANUARY & YEGGE, MARGARET R. BATES, Mr. ALBERT P. FISCHER, for defendant in error.

*In Department.*

MR. JUSTICE MOORE delivered the opinion of the court.

WE will herein refer to the parties as they appeared in the trial court, where plaintiff in error was plaintiff and defendant in error was defendant.

Plaintiff sought to recover damages for personal injuries sustained in a pedestrian-automobile accident which occurred January 19, 1950, at the intersection of Mountain avenue and College avenue in Fort Collins, Colorado. The flow of traffic at this intersection is regulated by a traffic light in the center thereof. College avenue runs north and south and Mountain avenue runs east and west. Plaintiff was seventy-five years of age at the time of the accident and defendant was seventy-eight years of age.

Plaintiff left the curb at the southeast corner of said intersection and started walking north in the crosswalk across Mountain avenue. An automobile belonging to defendant had been parked, for some time prior to the accident, in a diagonal position facing the curb line from which plaintiff started to walk across the street. This automobile was parked in the first parking space provided east of the crosswalk, and in order to back out of the space and gain access to Mountain avenue it was necessary for defendant to project the rear portion of his automobile into the crosswalk in question. Defendant backed his car out of this parking space and in so doing bumped into plaintiff throwing her to the pavement in the crosswalk, resulting in a broken hip and long hospitalization, together with doctor bills and nursing care incident thereto.

Defendant denied any negligence on his part and alleged that any damage sustained by plaintiff was proximately caused by her own contributory negligence; that

plaintiff's injury and damage, if any, were proximately caused by her own voluntary assumption of risk or harm; and that her injury and damage, if any, were proximately caused by an unavoidable accident. The case was tried to a jury, resulting in a verdict in favor of defendant. A motion for judgment non obstante verdicto and motion for a new trial were filed and overruled, and the court entered judgment dismissing the action at plaintiff's cost. Plaintiff brings the cause here by writ of error to review the judgment.

One of the points upon which plaintiff relies for reversal states that the trial court erred in giving an instruction on "unavoidable accident" over plaintiff's objection. This instruction was as follows: "The Court instructs the jury that if you believe from the evidence that neither plaintiff nor defendant was guilty of negligence, as defined in these instructions, but that the injury sustained by the plaintiff was the result of an unavoidable accident, then the jury should find for the defendant." The objection of plaintiff's attorney to the giving of this instruction contained the following statement: " * * * for the further reason that the instruction submits to the jury the question of unavoidable accident, when there is absolutely no evidence in the case which warrants the submission to the jury of the question of unavoidable accident, all the evidence clearly showing that the accident could have been avoided."

Plaintiff testified that about 11:00 o'clock A.M. on the day she was injured she started across the street walking with the green light, and, "I just went in the cross walk there a little ways when something hit me." She didn't know what it was that struck her. Her left hip was broken. She did not see defendant's car at all either before or after she was knocked down. She could not see what hit her, "because they gathered right around me and got to hollering and I couldn't raise up to see. I was down flat with people all around me there."

The trial court summarized the testimony given by

defendant Woods as follows: " 'I parked my car on Mountain Avenue in the first parking space of Avenue intersection'; 'As I got into the car, I looked specially to see if the red light was on, on College Avenue.' 'I started back * * as slowly as I possibly could come * * out three or four feet; a car was coming in from West Mountain Avenue * * so I come to a stop, then started backing just as slow as I possibly could go * * I never felt a thing. I never knew anything about anything having happened at all.' 'I didn't back only just far enough to clear the car that was parked in front of me, and I was twisting to get past that car. * * I heard somebody holler * * I looked out the window and saw this lady sitting there just across the white line. I parked and went back to see what was the matter. * * I don't know whether she was thrown down, or whether she went clear down or not * * I never saw her at all.' * * It was not possible to back out of that parking space and miss the car ahead and get into my own lane without backing into the crosswalk * * I don't think my bumper was over this (crosswalk) line over three feet when I started up. I looked through the window and back through this window for the lights * * the light went on; it was red on College Avenue. I backed out part way; then stopped. I looked back again when I saw a car coming on West Mountain Avenue; * * after it went through, then I backed out and went down Mountain Avenue. * * The light was red when I backed out. * * It was green on Mountain Avenue and red on College Avenue; after the car passed on Mountain Avenue I didn't look back again. * * The light was green for Mountain Avenue. * I didn't sound my horn. I am 78 years old. The light was green on Mountain Avenue and red on College Avenue. * I didn't look back again.' "

The witness Smiley, called by plaintiff, testified in substance that he stepped off the curb with the green light; that defendant's car was backing out from its parked position at his right; and that, " * * * this lady

was just in front of me crossing, and it dawned on me that this lady was going to be struck, and I yelled for the car to stop * * * but it was too late and he backed right out into the walk, * * * ." Defendant backed his car at a moderate rate of speed and it hit plaintiff just enough to knock her down. At the time she was struck she was about twenty feet out from the curbing.

The witness Epling, called by plaintiff, testified that he was on the northeast corner of the crossing and as he started to cross the street from north to south he noticed plaintiff walking across the intersection and a car backing close to her. He said: "As I started to cross the street, or as I was about to cross the street—I don't know whether I was in the cross-walk yet or not, but I had started to cross the street, and I noticed this elderly lady, whom I think has been identified here now as Mrs. McBride, walking across the intersection and a car backing close to her, and my immediate response was to shout as loudly as I could at the driver of the car, but he did not hear me, and the car did back into her. The bumper of the car struck her and knocked her down." He stated that the car was going very slowly, but that it approached plaintiff and struck her in one continuous movement and there was no warning sound as the car moved backward from the curb.

The trial court stated at the time the motion for a new trial was overruled, "Also there was evidence from which the jury might find neither party was negligent, and the injury the result of unavoidable accident." However, the court did not make specific reference to any evidence from which such conclusion was drawn.

Pertinent ordinances of the city of Fort Collins provide as follows:

"No vehicle parked at an angle shall back out more than six feet without stopping and giving an audible signal, and all vehicles backing from the curb, whether parked at an angle or parallel with the curb, shall yield

the right of way to all other vehicles or pedestrians approaching or passing thereby."

"At intersections where traffic is controlled by traffic control signals or by police officers, operators of vehicles shall yield the right of way to pedestrians crossing the street on a green or go signal; and pedestrians shall only enter the intersection on a green or go signal. * * * "

### Question to be Determined.

*Where the driver of an automobile, in broad daylight, backs the same from a diagonally parked position at the curb into a pedestrian on the crosswalk at a street intersection, and strikes the latter who is crossing said intersection and walking away from the curb at which said car was parked; where no warning was sounded; and where the pedestrian did not see the car, and the driver did not see the pedestrian; should the question of "unavoidable accident" be submitted to the jury?*

The question is answered in the negative. It is argued on behalf of defendant that, since there was a space in the back of the body of the automobile between the rear window and the window on the right rear side which was composed of a solid substance, and that since plaintiff in walking forward, and defendant in moving backward, were moving toward the point of impact, plaintiff could easily have been at all times obscured from view by that portion of defendant's car through which he could not see. It further is argued that, assuming this to be true, then there would be no showing of negligence on the part of defendant; and assuming further that plaintiff herself was free from negligence, the mishap would become an "unavoidable accident." With this contention we cannot agree.

If the defendant, in backing his automobile from the place where it was parked, had been reasonably prudent and observant, he would not have assumed that the crosswalk was clear at the point or points which he could not see because of the solid construction at the rear of his car. He would have made certain that he could back

with safety, and in the eyes of the law he is held to have seen that which he should have seen. The act of backing an automobile out of a parking place into and across a pedestrian crosswalk at an intersection known to be heavily congested with traffic is an exceedingly hazardous manoeuvre and requires a degree of vigilance commensurate with the hazard. In the case of *Wood v. Balzano,* 137 Maine 87, 15 A. (2d) 188, the degree of caution required of a driver who backs a passenger automobile was described in the following language:

"Common experience has demonstrated that in backing a closed car the driver is greatly restricted, if not entirely prevented from seeing objects below the rear window and in close proximity to the car. Under such circumstances great vigilance is required to comply with the rule of reasonable care.

" 'In fact, it has been said to be imprudent to back an automobile out of a garage across the sidewalk without taking extra precautions to avoid running down passersby. Especially where the view is obstructed is it necessary to take extra precautions.' 5 Am. Jur., Automobiles, Sec. 332.

"So in the Vermont case of *Crossman v. Perkins,* 101 Vt. 94, 141 A. 594 [596], where a motortruck was backing out of a driveway into the street, the court said: 'He had no right to assume that the road was clear, but was bound to be vigilant, watchful and to have anticipated and expected the presence of others.' "

In Berry on Automobiles (4th ed.), page 873, section 954, we find the following: "To back an automobile in a public street when there is any likelihood of another vehicle or a pedestrian being in proximity to the rear thereof, without ascertaining, or making reasonable efforts to ascertain, whether the way is clear, and without giving a proper warning of the operator's intention, is clearly an act of negligence."

In *Iacino v. Brown,* 121 Colo. 450, 217 P. (2d) 266, we approved an instruction which defined an "unavoidable

accident" as, "such an occurrence, as under all the circumstances, could not have been foreseen, anticipated, or avoided in the exercise of ordinary care." In *Carr v. Boyd,* 123 Colo. 350, 229 P. (2d) 659, we clearly indicated that the giving of an instruction on "unavoidable accident" in a case in which there was no evidence upon which a finding of such an accident could properly be based, is reversible error. "An instruction which submits to the jury a question not in the case, is erroneous." *Reynolds v. Hart,* 42 Colo. 150, 94 Pac. 14.

██ It follows, therefore, that from the facts and circumstances surrounding this case, no showing whatever was made justifying the submission of the question of unavoidable accident to the jury. Even conceding, for the purpose of argument only, that the law relating to unavoidable accident was applicable under the facts, it was not adequately explained to the jurors by Instruction No. 11 in terms which they could understand so as to enable them to intelligently apply the doctrine to the presented facts. The instruction actually contained no definition whatever of the term "unavoidable accident," and the jury was left to speculate concerning the legal meaning of that expression.

Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Mr. Chief Justice Jackson and Mr. Justice Knauss concur.