No. 16,733.

Herdt v. Darbin, Administrator.
(249 P. [2d] 822)

Decided October 6, 1952.

Messrs. Houtchens & Houtchens, for plaintiff in error.

Messrs. Smith & Wells, for defendant in error.

*In Department.*

Mr. Justice Stone delivered the opinion of the court.

Plaintiff Herdt sought judgment against Darbin, as administrator of the estate of Charles Darbin, deceased, based on asserted negligence in connection with a collision between the car of Charles Darbin and one owned and operated by plaintiff. Upon trial, the jury brought

in its verdict for the defendant and judgment was entered thereon.

Reversal is sought, based on asserted error in the failure of the trial court to sustain motion of plaintiff for directed verdict and in the giving of certain instructions to which objections were interposed.

Plaintiff testified that on the morning of the collision he was traveling west, between fifty and sixty miles per hour, on U. S. Highway No. 6; that as he approached the intersection with Colorado Highway No. 114, he noticed the Darbin pickup approaching the stop sign and was under the impression that it was going to stop, but couldn't say whether or not it did stop, and that when he reached the intersection, "it was right in front of me;" that the pickup was headed south at a very slow rate of speed when he noticed it approaching the highway; that he turned to the left and hit his brakes in the attempt to miss it, and that the impact was at the center stripe in the intersection; that he passed a couple of cars before the collision, but passed no cattle trucks and saw none on the highway, and there was no oncoming traffic, and the intersection where the collision occurred was visible for three quarters of a mile. His right front fender collided with the left front fender of the Darbin car.

A witness who was riding in the Darbin pickup testified that when they reached the intersection they stopped at the stop sign, looked to the left and saw a cattle truck coming and let a car go by from the west, then started to cross; that the cattle truck was then approximately one-half mile to the east; that as Charles Darbin started the pickup his wife cried for him to look out, and witness saw plaintiff's car, which looked like a bullet, it came at such speed. Another witness, who was in the Darbin pickup, testified that immediately before the collision he looked out across the window and could just see a black streak. "It was pretty near too fast to see it from my angle. * * * It was just coming too fast. It was

just a streak of black." The patrolman who investigated the accident testified that plaintiff's car left a skid mark fifty-seven feet on the left side and one of thirty-six feet on the east side, and came to rest at ninety-seven feet beyond the point of impact.

Assuming defendant's negligence, we think there was sufficient evidence as to negligent speed of plaintiff, so that the question of his contributory negligence was properly left to the jury, and the denial of a directed verdict and the giving of an instruction on contributory negligence was not error.

Plaintiff further complains of the giving by the court over his objection of an instruction on unavoidable accident. As given, the instruction appears to have been a correct statement of abstract law and no objection was made on the ground that it was merely an abstract statement. Objection was made on the ground that there was no evidence to support such an instruction. We said in *McBride v. Woods,* 124 Colo. 384, 238 P. (2d) 183: "In *Iacino v. Brown,* 121 Colo. 450, 217 P. (2d) 226, we approved an instruction which defined an 'unavoidable accident' as, 'such an occurrence, as under all the circumstances, could not have been forseen, anticipated, or avoided in the exercise of ordinary care'. In *Carr v. Boyd,* 123 Colo. 350, 229 P. (2d) 659, we clearly indicated that the giving of an instruction on 'unavoidable accident' in a case in which there was no evidence upon which a finding of such an accident could properly be based, is reversible error. 'An instruction which submits to the jury a question not in the case is erroneous.' *Reynolds v. Hart,* 42 Colo. 150, 94 P. 14."

It hardly needs to be said that where, as here, two cars approach each other on intersecting highways, with full visibility and without hazard of weather or highway, a collision of the two cars is not such an occurrence as could not have been forseen, anticipated or avoided in the exercise of ordinary care.

Accordingly, we must hold that the instruction was improper, and the judgment is reversed.

MR. CHIEF JUSTICE JACKSON, MR. JUSTICE ALTER and MR. JUSTICE MOORE concur.