No. 17,789.

Verlin C. Stephens, Jr., et al. *v.* Raymond E. Lung.

(298 P. [2d] 960)

Decided June 11, 1956.   Rehearing denied July 23, 1956.

Mr. Vincent Cristiano, Mr. Robert Bugdanowitz, for plaintiffs in error.

Messrs. Wormwood, O'Dell & Wolvington, Mr. Paul D. Renner, for defendant in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

We will herein refer to the parties as they appeared in the trial court, where plaintiffs in error were plaintiffs and defendant in error was defendant.

This action arises out of an automobile collision between a Ford delivery truck, owned by plaintiffs Morris and June Woodard and driven by plaintiff Stephens who was employed by the Woodards as a delivery boy, and a 1941 Pontiac driven by defendant. Plaintiff Stephens seeks to recover damages for personal injuries sustained by him in the accident, and plaintiffs Morris and June Woodard seek recovery for the damage to the motor vehicle owned by them.

The accident occurred about 3:45 P.M. January 20, 1954, on south Santa Fe Drive in Arapahoe county. The high-

way at the location of the accident is approximately forty-eight feet wide, with a double yellow line in the center dividing the road into clearly separated paved roadways, each twenty-two feet wide, for north and southbound traffic, and each of these roadways is further divided into two traffic lanes. The evidence was that the outer lanes were dry, but the inside, or passing lanes, were somewhat icy as was the four foot island area within the double yellow lines.

Plaintiff Stephens was driving north in the inside or passing lane and intended to make a lefthand turn at a point farther north on the highway  Defendant was driving south in the inside or passing lane and he testified that another car, driven by one Murray, was in the lane to his right; that Murray cut across in front of him when he was seven or eight feet away; that he, the defendant, then turned sharply to the left to miss the Murray car and skidded about 140 feet to the wrong side of the road in the face of oncoming northbound traffic.  Defendant further testified that although he was about to pass the Murray car he did not have time to honk his horn before the Murray car cut in front of him; that he did not see plaintiffs' truck until he began to skid; and that he lost control of his own car as soon as he struck the ice in the center of the highway. Plaintiff Stephens, when he saw defendant's car skid toward him, endeavored to avoid the accident by turning to the right.

The case was tried to a jury which returned a verdict in favor of defendant and judgment was entered accordingly.  Plaintiffs, seeking reversal of the judgment, bring the cause to this Court for review by writ of error.

### Questions To Be Determined.

First:  *Did the trial court commit error in refusing to instruct the jury to find a verdict in favor of plaintiffs for such reasonable damages as would compensate them for the injuries and loss which was shown to have been sustained?*

This question is answered in the negative. Exam-

ination of all the evidence convinces us that the instant case comes within the rule that, "The question of negligence must be submitted to the jury * * * where there is room for difference of opinion between reasonable men as to the inferences which might fairly be drawn from conceded facts." *Swanson v Martin,* 120 Colo. 361, 209 P. (2d) 917; *Patterson v. Becker,* 122 Colo. 258, 222 P. (2d) 780.

Second: *Did the trial court err in submitting to the jury an instruction upon the subject of contributory negligence?*

This question is answered in the affirmative. The instruction given by the court was as follows:

"You are instructed that contributory negligence means the failure to observe that degree of care which ordinarily careful and prudent persons usually observe under the same or similar circumstances to protect themselves from injury, and by reason of such failure, help to cause or bring about the injury complained of."

No objection to the giving of this instruction is disclosed by the record. It is contended, however, that an objection was inadvertently made to Instruction No. 10 instead of Instruction No. 4, but that all argument was addressed to the propriety of giving the contributory negligence instruction. In this connection we quote from the brief of counsel as follows:

"Plaintiffs' counsel states without any hestitation and with a clear recollection of the procedure, that both of the instructions covered in Plaintiffs' Motion for a New Trial [No. 4 and No. 17] were objected to when offered by the Defendant, and that Court's Instruction No. 10 is a stock instruction, to which there was no objection."

Nevertheless it is frankly admitted that counsel might have erred in identifying the instruction to which objection was made, and in the reply brief counsel states, inter alia:

"We again acknowledge that the record fails to disclose an objection to Instruction No. 4. * * * However, we

believed we were objecting to the instruction on contributory negligence; and we urge the Court to consider this glaring error despite the absence of a proper objection of record."

In the case of *Carr v. Boyd*, 123 Colo. 350, 229 P. (2d) 659, a similar situation was presented. In that opinion we said, in part:

"The record discloses no positive objection to the giving of the unavoidable-accident instruction and counsel frankly admits that opposing counsel's objection to this specification of error is difficult to overcome because of the failure to note an objection to the giving of this instruction at the trial. The record containing this given instruction is before us and we are at liberty, on our own motion, to determine whether or not it was properly given, and if improperly given, then the prejudicial effect thereof. The interest of a litigant should not always be precluded on a technical inadvertence of counsel."

██ We think that under the circumstances of the instant case the giving of an instruction on contributory negligence was error, and that substantial justice requires that we should notice the error notwithstanding the absence of a formal objection of record. There is no testimony from which an inference of contributory negligence on the part of plaintiff Stephens could be grounded; all the evidence showed that he was driving where he had every right to drive and was in no way careless in the manner in which he was driving the truck. All evidence offered by defendant tended to prove the theory that the proximate cause of the accident was the conduct of Murray who abruptly cut across to the traffic lane in which defendant was driving, and none of defendant's witnesses testified to any fact tending to prove that plaintiff could, or should, have done anything other than what he did do in an effort to avoid a collision. Where there is no basis in fact for a finding of contributory negligence it is error to instruct on the subject and thereby submit to the jury an issue which

is outside the evidence. *Ankeny v. Talbot,* 126 Colo. 313, 250 P. (2d) 1019.

Third: *Did the trial court err in submitting to the jury an instruction upon the subject of "unavoidable accident"?*

■ This question is answered in the negative. Over objection of the attorneys for plaintiffs, the trial court gave the following instruction:

"The jury is instructed that if you find from the evidence that the accident was unavoidable so far as the parties to this litigation are concerned, then your verdict should be for the defendant.

"An unavoidable accident is one happening suddenly and unexpectedly without any negligence on the part of the parties to the ligitation."

This Court has approved an instruction on the subject of unavoidable accident in which it was defined as "Such an occurrence, as under all the circumstances, could not have been foreseen, anticipated, or avoided in the exercise of ordinary care." *McBride v. Woods,* 124 Colo. 384, 238 P. (2d) 183; *Iacina v. Brown,* 121 Colo. 450, 217 P. (2d) 266; *Herdt v. Darbin, Adm'r.,* 126 Colo. 355, 249 P. (2d) 822.

In the case of *Union Pacific v. Shupe,* 131 Colo. 271, 280 P. (2d) 1115, an instruction on unavoidable accident was tendered and refused, and we stated:

"The purpose of this instruction was to permit the jury to find that the accident was an extraordinary occurrence and that the ordinary care required of both plaintiff and defendant would not have averted it."

We further stated in that opinion: "The giving of the instruction of unavoidable accident would have furnished guidance for the jury in finding no negligence on either side."

In *Maloney v. Jussel,* 125 Colo. 125, 241 P. (2d) 862, the factual situation was comparable to that in the instant case. An instruction on the subject of unavoidable accident was given and it was contended that the giving

of that instruction constituted error. Our opinion in that case contains the following statement: "A thorough study of this record convinces us that there is evidence on behalf of defendants which requires the giving of these instructions."

Under the law as stated in the foregoing decisions of this Court it was not error to submit to the jury the issue of unavoidable accident. The judgment is reversed and the cause remanded with directions to grant a new trial.

MR. JUSTICE SPARKS not participating.