## No. 17,776.

CHRISTIAN JACOBSEN, ET AL. *v.* ELIZABETH JANE
McGINNESS, ET AL.
(311 P. [2d] 696)

Decided May 20, 1957.   Rehearing denied June 10, 1957.

Mr. Don B. Oliver, Mr. Julio Zamagni, for plaintiffs in error Christian Jacobsen and William Ogley.

Messrs. Kreager & Sublett, for plaintiff in error Harold L. Parr.

Mr. Lowell White, Mr. Walter A. Steele, for defendant in error Chris Holthusen.

Messrs. Yegge, Hall & Shulenburg, Miss Margaret R. Bates, for defendant in error Elizabeth Jane McGinness.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

This case is before us on writ of error to review a judgment dismissing all claims of the parties involved in a three car highway accident. We will refer to the parties by name. The record embraces some 275 folios (exclusive of the reporter's transcript) and is somewhat complicated due to the manner in which the several parties presented their respective claims and defenses.

It is undisputed that on August 10, 1953, at about 7:30 A.M. on a graveled two-lane, 31 foot wide road west of Stoneham, Colorado, an oil transport truck was traveling east on the south half of said road. Elizabeth J. McGinness in a Pontiac automobile was traveling to the rear of, and in the same direction as the truck, east along the

south side of said road. The truck created dust and a slight wind was blowing from the south to the north. Miss McGinness testified that she was driving at approximately fifty miles per hour; that she saw and entered the "dust cloud" created by the truck, but did not see the truck; she "assumed" it was a diesel because of the smoke emitting from the top of the vehicle which was ahead of her on the road. Traveling west on the same road on the north half thereof was a Studebaker automobile operated by Jacobsen. Riding with him were William Ogley, Harold L. Parr, and two other men, all of whom were part of an oil drilling crew on their way to work. Chris Holthusen, driving his Packard automobile, was also proceeding west on the north half of the same road, a distance of some 300 feet behind the Jacobsen car. Immediately prior to the accident McGinness swerved her car to the north side of the road and ran headon into the Jacobsen automobile, pushing that vehicle to the east some eleven feet. At the same time Holthusen following the Jacobsen car, his view somewhat obscured by the dust created by the truck, observed that a collision had occurred; was unable to stop and ran into the rear of the Jacobsen automobile, his car skidding some eighty-nine feet before reaching the point of collision as indicated by skid marks on the road. The truck did not stop. The McGinness, Jacobsen and Holthusen cars were damaged as a result of the impacts, and McGinness, Ogley and Parr suffered personal injuries allegedly resulting in temporary and permanent disabilities. Holthusen and Jacobsen were also injured.

The pertinent pleadings are: A complaint filed by Holthusen against McGinness, Parr and Ogley demanding damages for alleged negligence, and for a declaratory judgment that Holthusen was not guilty of negligence, or of joint or concurrent negligence with McGinness, as the proximate cause of the injuries and damages sustained by Ogley, Parr and Jacobsen as a result of the accident. The complaint for a declaratory

judgment was dismissed on the motion of Ogley and Parr. Jacobsen and Ogley then filed a suit alleging that McGinness or Holthusen, or both, were negligent, resulting in damage to Jacobsen and Ogley. McGinness and Holthusen answered this complaint and cross-claimed for damages. Parr intervened in this latter action and filed his complaint against McGinness and Holthusen, alleging that their negligence was the proximate cause of his injuries. Issue was joined with all parties pleading contributory negligence on the part of all others, together with "unavoidable accident." The Jacobsen, Ogley and Parr action was consolidated with the original Holthusen suit for the purposes of trial.

At the conclusion of all the evidence appropriate motions for directed verdicts were made and denied and the case submitted to the jury which returned a verdict as follows:

"We * * * find that no party can recover on his or her claims for damages." Judgment of dismissal of all claims was thereupon entered. Jacobsen, Ogley and Parr filed motions for judgment notwithstanding the verdict, and for a new trial, which motions were denied. They are here on writ of error urging several grounds for reversal. Neither Holthusen nor McGinness, appearing here as defendants in error, have assigned cross-error.

Among the instructions given the jury was No. 15 on unavoidable accident, and No. 18, a curious pronouncement on the law of negligence, which reads as follows: "You are instructed that if you find that none of the three drivers of the three cars involved in the collision were guilty of negligence, then, in that event, none of the parties is entitled to recover damages from anyone."

Instruction No. 20 required the jury to find before a verdict could be returned in favor of any claimant that such claimant "was not guilty of contributory negligence which contributed to the collision."

■ The undisputed evidence that the McGinness car was on the wrong side of the road at the time it ran headon into the Jacobsen car was prima facie evidence of negligence on the part of McGinness. In her effort to explain how she got on the wrong side of the road Miss McGinness testified with reference to the truck ahead of her: "I assumed it was a truck of some type, for the reason there was considerable black smoke that seemed to come out of the dust and blend with it. I never saw the truck. All I saw was smoke * * * I gradually came up behind it. Q. At no time during the process of coming up on it did you see any portion of a vehicle? A. No, sir, I did not. * * * I could see the road ahead of me. My intention was to stay behind a cloud of dust. Q. So one minute you had a clear vision and the next your vision was immediately obscured. A. That is my recollection. I didn't know my car was on the wrong side of the road." She said she did not intentionally cross to the left side of the road.

In *Stephens v. Lung,* 133 Colo. 560, 298 P. (2d) 960, this court said:

"We think that under the circumstances of the instant case the giving of an instruction on contributory negligence was error * * *. There is no testimony from which an inference of contributory negligence on the part of plaintiff Stephens could be grounded; all the evidence showed that he was driving where he had every right to drive and was in no way careless in the manner in which he was driving the truck. All evidence offered by defendant tended to prove the theory that the proximate cause of the accident was the conduct of Murray who abruptly cut across the traffic lane in which defendant was driving, and none of defendant's witnesses testified to any fact tending to prove that plaintiff could, or should have done anything other than what he did do in an effort to avoid a collision. Where there is no basis in fact for a finding of contributory negligence it is error to instruct on the subject and thereby submit

to the jury an issue which is outside the evidence. *Ankeny v. Talbot,* 126 Colo. 313, 250 P. (2d) 1019."

To paraphrase the language in the Stephens case we may well say that all the evidence tended to prove that the proximate cause of the accident was the conduct of McGinness who, according to her testimony, unconsciously or unwittingly cut across into the traffic lane in which Jacobsen was driving his car. No witness testified to a fact tending to prove that Jacobsen could have done anything to avoid a collision. To say that in such circumstances Jacobsen was contributorily negligent would be to say that he should not have been on that road at that time in the morning, or better still, should have stayed at home.

See, also, *Maloney v. Jussel,* 125 Colo. 125, 241 P. (2d) 862; *Goll v. Fowler,* 124 Colo. 404, 238 P. (2d) 187; *McBride v. Woods,* 124 Colo. 384, 238 P. (2d) 183.

■ Where the facts are undisputed as here and it is clear that reasonable men can draw but one inference therefrom, the question of contributory negligence is one of law for the court.

Instructions numbered 18 and 20 required the jury to make negative findings on the question of negligence and contributory negligence, and so emphasized its application to all persons involved as to bewilder the jury in the confusion of conflicting claims.

■ As we view the record the sole issues were the negligence of McGinness and Holthusen. We find nothing in the evidence which tends to sustain the claim of contributory negligence on the part of Jacobsen, hence it was error to submit that issue to the jury.

■ It is undisputed that the unfortunate collision took place on the north side of the highway. The action of McGinness in driving her car on the wrong side of the road, whether intentionally or otherwise, was negligence as a matter of law. Negligence does not depend on the intentional or conscious action of a party but follows from a failure to exercise that degree of care

and prudence which the conditions present demand. McGinness, following the truck, said she could see the roadway. If so, we are forced to the conclusion that she was either attempting to pass the truck or was careless and heedless in veering her car to the left and directly into the path of the Jacobsen automobile. The physical facts speaks more loudly than words in a situation such as that presented by the record before us. The impact of the McGinness and Jacobsen cars raised the Jacobsen car into the air and pushed it into the path of the Holthusen automobile. Despite Miss McGinness' testimony that she removed her foot from the accelerator and applied her brakes, the undisputed facts are that her car was traveling at a high rate of speed; ran headon into the Jacobsen automobile on the wrong side of the highway; pushed the Jacobsen vehicle back a distance of eleven feet and into the path of the Holthusen car, which was traveling at approximately fifty miles per hour and skidded some eighty-nine feet before striking the rear of the Jacobsen car. But for McGinness' carelessness there would have been no accident and no injuries.

The instruction on unavoidable accident given by the trial court was erroneous, it tended not only to divert the minds of the jurors from the decisive issues of negligence and contributory negligence, but suggested that under the evidence the parties might be held blameless for reasons other than their freedom from negligence or contributory negligence. Under the theory of counsel for McGinness their client was free from negligence because of dust stirred up by the oil transport truck. At the same time they must concede that she was on the wrong side of the road, where the headon collision occurred. We think that a statement of the facts amply demonstrates that the accident was not unavoidable, either on the part of McGinness or Holthusen. It required no exceptional skill, foresight or care on the part of McGinness to stay on her side of the road

— in fact she said she had done so for a long distance as she followed "something" on the road which turned out to be the oil transport truck and she said she could clearly see the road ahead of her. Whatever dust was being stirred up by the truck was being blown to her left by the wind.

■ "The terms inevitable or unavoidable accident signify an injury which is caused by something other than actionable negligence of the parties involved." *Parker v. Womack,* 37 Cal. 2d 116, 230 P. (2d) 823.

In the McBride case, supra, it was held reversible error to give an instruction upon the subject of unavoidable accident in the absence of evidence raising a genuine issue upon that question.

The issue relating to the negligence, if any, of Holthusen in driving too fast or following too closely on the Jacobsen car and the attendant damages, if any, occasioned thereby, was one for the jury under proper instructions.

No cross-error having been assigned by McGinness or Holthusen the verdicts denying their respective claims must stand.

The former opinion is withdrawn; the judgment in favor of Holthusen on the claims of Jacobsen, Ogley and Parr is reversed and a new trial ordered; the judgment in favor of McGinness is reversed with direction that it be vacated and a new trial had on the issue of damages only on the claims of Jacobsen, Ogley and Parr against McGinness.