300 F.2d 283
 James E. MILLER, Betty Miller, and Janet Miller, Linda Kay Miller, and James E. Miller, Jr., all minor children by their father and next friend, James E. Miller, Appellants,
v.
David Howard BRAZEL, Appellee.
 No. 6748.
 United States Court of Appeals Tenth Circuit.
 January 30, 1962.
 Rehearing Denied March 15, 1962.
 
 COPYRIGHT MATERIAL OMITTED Kenneth N. Kripke, Denver, Colo. (James A. Sweeney, Lakewood, Colo., on the brief), for appellants.
 Paul C. Brown, Denver, Colo. (Wayne D. Williams and Howard E. Erickson, Denver, Colo., on the brief), for appellee.
 Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.
 HILL, Circuit Judge.
 
 
 1
 The appeal is from a judgment entered after a jury verdict and from an order denying Motion for Judgment Notwithstanding The Verdict and Motion For New Trial.
 
 
 2
 The appellants, James E. Miller and Betty Miller, are husband and wife, the other three named appellants are their minor children. All were plaintiffs below and appellee Brazel was defendant below. In this opinion, the parties will be referred to as plaintiff and defendant or as Miller and Brazel.
 
 
 3
 The action was brought to recover damages for personal injuries received in an automobile collision between vehicles driven by Miller and Brazel. The collision occurred at about 8:00 p. m., November 16, 1958, on U.S. Highway 6 in a mountain canyon west of Golden, Colorado. Miller, together with his family, was driving west, traveling from Denver to Idaho Springs, his home. He was driving about 20 miles per hour. Brazel was going in an easterly direction toward Denver and driving at least 25 miles per hour. Brazel testified the road was covered with ice and there was snow on the shoulders of the road, making it impossible to distinguish between the highway and the shoulder; as he rounded a righthand curve in the highway his right rear wheel or his right wheels went off of the roadway onto the shoulder and in bringing his vehicle back onto the roadway the car went into a skid, fishtailed on the roadway and just as he was getting the car again under control, the collision occurred. Highway patrolmen who went to the scene of the accident testified that the point of impact was on the north and in the westbound traveled portion of the highway, that on the south side of the roadway and about 150 feet west of the point of impact and for a distance of 8 to 20 feet the shoulder was lower than the roadway 6 to 8 inches on a slant but with actually about a 3 inch drop from the roadway to the shoulder.
 
 
 4
 Without objection, Officer Spradling was permitted to give his version of events; and testified from his investigation after the accident, he determined Brazel's vehicle was traveling east when his right wheels went off the traveled portion of the highway; in bringing the car back on the roadway the vehicle swerved across the highway to the north and the left wheels went off onto the north shoulder; as the car was being driven back to the right and to the east bound traffic lane, Miller's vehicle came around a curve traveling west in the west bound lane, the collision occurred; that there was a light snow cover on the highway and just beginning to stick but the highway was icy.
 
 
 5
 Both cars had the headlights burning. The Miller car was without chains and there was a conflict in the evidence as to the tread on that car's tires. The Brazel car had tire chains on.
 
 
 6
 Trial of the case was had to a jury and a general verdict returned in favor of the defendant and against all of the plaintiffs.
 
 
 7
 Timely and appropriate objections under Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A., were made to the court's failure to direct a verdict in favor of the plaintiffs and submit the case to the jury on the question of damages only; to the giving of the instruction on contributory negligence on the part of the plaintiff driver; to an instruction given on "presumption of no negligence"; the failure of the court to instruct on the theory of res ipsa loquitur; the use of the words "I think this is important" to preface one of the instructions given; the giving of an instruction on "unavoidable accident"; and failure to sufficiently instruct as to the meaning of "efficient intervening cause."
 
 
 8
 In ruling upon a motion for a directed verdict, the court must consider the evidence in a light most favorable to the party against whom the motion is directed. Lohr v. Tittle, 10 Cir., 275 F. 2d 662; Atlas Building Products Co. v. Diamond Block & Gravel Co., 10 Cir., 269 F.2d 950, cert den 363 U.S. 843, 80 S.Ct. 1608, 4 L.Ed.2d 1727; Transcontinental Bus System, Inc., v. Taylor, 10 Cir., 265 F.2d 913; Commercial Standard Insurance Co. v. Feaster, 10 Cir., 259 F.2d 210; Kippen v. Jewkes, 10 Cir., 258 F.2d 869. The law is well established, under both the Colorado law and cases decided by this court, that the giving of a peremptory instruction directing a verdict, is proper only when but one inference or conclusion can be drawn from the evidence. Nelson v. Brames, 10 Cir., 253 F.2d 381. When fair minded persons may form different opinions and draw different conclusions and inferences from facts, the question of negligence is for the jury. Globe Cereal Mills v. Schrivener, 10 Cir., 240 F.2d 330; Dunn v. Kansas Gas & Electric Co., 10 Cir., 227 F.2d 939. The issue of negligence is a question for the jury where there is room for difference of opinion between reasonable men as to the inferences which might fairly be drawn from the conceded facts. Stephens v. Lung, 133 Colo. 560, 298 P.2d 960; Swanson v. Martin, 120 Colo. 361, 209 P.2d 917; Patterson v. Becker, 122 Colo. 258, 222 P.2d 780.
 
 
 9
 This record presents purely a fact case, one in which reasonable minds might very well differ as to the cause of the collision, and one, which could not be resolved as a matter of law. The trial court properly refused to direct a verdict in favor of the plaintiffs and submitted the case to the trier of the facts.
 
 
 10
 The defendant raised the affirmative defense of contributory negligence as against the plaintiff driver, Miller, the court gave such an instruction to the jury, and adequately limited its application only to the claim of the plaintiff driver. Plaintiffs specify the giving of such instruction under the facts of the case as error. There is merit to the contention. The record fails to disclose any evidence from which the jury could have found Miller to have been contributory negligent. He was driving on his own side of the road, at a speed of 20 to 25 miles per hour, his lights were on, his car was under control, and without warning of sufficient time for him to do anything to avoid the collision, his car was struck by the other vehicle. It is true he was driving without chains and there is a dispute in the evidence about the tread on his tires. The lack of chains, or if his tires were bald, as appellee contends, cannot be said to have been a proximate cause of the collision. It was error for the court to give the instruction. However, in view of the general verdict returned in favor of the defendant and against all the plaintiffs, it is apparent the jury gave no consideration to this instruction but decided the case either on "unavoidable accident" or found no negligence on the part of appellee. The giving of the instruction on contributory negligence cannot be considered reversible error. Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A.; Nephi Processing Plant, Inc. v. Talbott, 10 Cir., 247 F.2d 771; Employers Liability Assurance Corp. v. Freeman, 10 Cir., 229 F.2d 547; Justheim Petroleum Company v. Hammond, 10 Cir., 227 F.2d 629; Montgomery Ward & Co. v. Furlong, 10 Cir., 219 F.2d 726.
 
 
 11
 Appellant points, as error, to the giving of the instruction, "Now, the mere happening of an accident does not raise any presumption of negligence. It is a matter of proof." In support of this alleged error, appellant contends the court should have submitted the case on the theory of res ipsa loquitur.
 
 
 12
 From the record before us, this question was not embodied in the issues determined and fixed by the pre-trial order. That order is inadequate in that the specific acts of negligence relied upon are not set out, but leaves the broad allegation of negligence as the basis of appellant's case. It is silent as to any contention of the reliance upon res ipsa loquitur. The first reference in the record to any such contention is the requested instruction submitted by appellants. It was not referred to by appellant's counsel when he moved for a directed verdict at the close of all of the evidence. In fact, at that point counsel for plaintiffs stated, "I submit that on the face of the evidence, the negligence of the defendant Brazel is clearly shown." At that late stage of the case, counsel was apparently relying upon specific acts of negligence and not upon the theory of res ipsa loquitur to prove his case.
 
 
 13
 The record fails to disclose the basis of the court's refusal to submit the case on this issue. The issues were fixed and determined by the pre-trial order, which specifically recites that such order shall govern and control the course of the trial and may not be amended except by consent of the parties or by order of the court to prevent manifest injustice in conformity with Rule 16(6), Federal Rules of Civil Procedure, 28 U.S.C.A.[1] The injection of the theory of res ipsa loquitur into the case came too late, and in the absence of an agreement between the parties, or an order permitting amendment of the pre-trial order to include the issue, in order to prevent manifest injustice, the court properly rejected the requested instruction and refused to submit the case on that theory.
 
 
 14
 Beyond this technical ground, the facts of the case do not disclose a basis for resort to the doctrine of res ipsa loquitur. The mere happening of a collision between two automobiles does not present such a situation, nor is the mere skidding of an automobile of such an uncommon or unusual character as to constitute, if unexplained, evidence of the driver's negligence so as to render the doctrine applicable. Therefore, the instruction given by the court, as set out above, was a correct statement of the law applicable to the case. 5 Am.Jur., Automobiles, §§ 609, 610, pp. 840, 841; National Construction Company v. Holt, 137 Colo. 208, 322 P.2d 1046; Saliman v. Silk, 118 Colo. 220, 194 P.2d 304; Yellow Cab Co. v. Hodgson, 91 Colo. 365, 14 P. 2d 1081, 83 A.L.R. 1156; Denver & R. G. R. Co. v. Thompson, 65 Colo. 4, 169 P. 539; 65 C.J.S. Negligence § 220(8), p. 1014; cf. La Rocco v. Fernandez, 130 Colo. 523, 277 P.2d 232.
 
 
 15
 The purpose of a jury instruction on unavoidable accident is to permit the jury to find that the accident was an extraordinary occurrence and that the ordinary care required of all parties concerned would not have averted it. Union Pacific R. Co. v. Shupe, 131 Colo. 271, 280 P.2d 1115. In the same case the court points out that the giving of such an instruction would furnish guidance to the jury in finding no negligence on either side.
 
 
 16
 The case of Piper v. Mayer, Colo., 360 P.2d 433, is cited by both parties in support of their respective positions on the giving of an unavoidable accident instruction. That case again gave approval, by the Supreme Court of Colorado, to the giving of such an instruction in the proper case. It puts the emphasis on the unforeseeability or unpreventable character of the occurrence and determines the criterion for application to the lack of negligence or fault on the part of anyone involved.
 
 
 17
 The facts in that case are distinguishable from the facts here. It was another skidding case, the car went out of control while being driven on the ice covered traveled portion of the highway and there was evidence of an unreasonable rate of speed by the vehicle before commencing to skid. In this case, because the edge of the highway and shoulder were covered with snow, it may have been impossible to see the edge of the highway and a drop from the highway to the shoulder of about 3 inches. Brazel so testified. If this edge of the highway and shoulder were obscured, Brazel may not have been negligent in driving off the highway, and what happened to his vehicle after that, or what caused the skidding of his car could well be said to be unavoidable. It was either, as the court submitted the case, due to Brazel's negligence or to unforeseen and unavoidable circumstances. The additional facts present in this case and not present in the late Colorado case make a satisfactory distinction, without departing from the well established law as laid down by the Supreme Court of Colorado. The facts here clearly show the possibility of an unavoidable accident and occurrence of an unforeseeable and uncontrollable happening.
 
 
 18
 Counsel for plaintiffs urges error because the court prefaced an instruction with the statement "This is important." The record also shows an instruction in the following language, "Now, no single one of these instructions states all the law applicable to the case, but all of these instructions must be considered together as they are connected with and related to each other as a whole." This is a proper and appropriate instruction, generally given in every jury case, and, if undue emphasis had been placed on any other instruction, certainly struck down any such emphasis.
 
 
 19
 Numerous other objections are made by appellants to the giving of, or the failure to give, instructions. Such other objections are without substance, or are precluded here under Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A., as timely and proper objections were not made, though opportunity for such objections was given, by the court, before the jury retired. Justheim Petroleum Company v. Hammond, supra, 227 F.2d 629; Jones v. Koma, Inc., 10 Cir., 218 F. 2d 530; Comins v. Scrivener, 10 Cir., 214 F.2d 810, 46 A.L.R.2d 1; Atchison, T. & S. F. R. Co. v. Andrews, 10 Cir., 211 F.2d 264; Oklahoma Natural Gas Co. v. Concho Const. Co., 10 Cir., 209 F.2d 269; Nichols v. Barton, 10 Cir., 201 F.2d 110; Comparet v. United States, 10 Cir., 164 F.2d 452; Interstate Motor Lines v. Great Western Ry. Co., 10 Cir., 161 F.2d 968.
 
 
 20
 A careful reading and consideration of the instructions given leads to the conclusion, except for the error pointed out herein, the instructions given, taken as a whole, fairly and adequately submitted the issues in the case to the jury. It is true they were not phrased in the language requested by appellants, which is not necessary. Missouri, K. & T. Ry. Co. v. Jackson, 10 Cir., 174 F.2d 297; Derounian v. Stokes, 10 Cir., 168 F.2d 305; Telluride Power Co. v. Williams, 10 Cir., 164 F.2d 685; Dyess v. W. W. Clyde & Co., 10 Cir., 132 F.2d 972.
 
 
 21
 The judgment of the court below entered upon the jury verdict and its Order Denying Motion For Judgment Notwithstanding The Verdict and the Motion For New Trial are affirmed.
 
 
 
 Notes:
 
 
 [1]
 "The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to non-jury actions or extend it to all actions."